UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
JOYCE BRUNDAGE,                                        :     09 Civ. 6613 (RJH)
:
            Plaintiff,                         :
:     **MEMORANDUM OPINION**
     - against -                                 :     **AND ORDER**
:
UNITED STATES DEPARTMENT OF            :
VETERANS AFFAIRS, ERIC K. SHINSEKI;    :
MARTINA PARAUDA, Acting Director; and  :
ALBERT MITCHNER, Transport Supervisor, :
:
            Defendants.                        :
:
------------------------------------------------------------x

Richard J. Holwell, District Judge:

      Plaintiff Joyce Brundage brings this suit under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and under the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 *et seq.*, against Eric K. Shinseki in his official capacity as Secretary of the Department of Veterans Affairs, Martina Parauda, acting director, and Albert Mitchner, transportation supervisor, alleging discrimination on the basis of her gender.  The defendants move to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim under which relief can be granted.  For the reasons discussed below, the defendants' motion is granted.

## BACKGROUND

      The following facts are taken from the complaint and are not findings of fact by the Court. They are assumed to be true for the purpose of deciding this motion and are construed in a

1

light most favorable to the plaintiff, the non-moving party.  Information regarding the procedural history of this matter is drawn from the EEOC's dismissal of Brundage's appeal, *Brundage v. Shinseki*, Appeal No. 0120091558 (EEOC May 29, 2009) (hereinafter "EEOC Appeal"), which the Court may consider because Brundage attached it to her complaint.  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

Brundage is an employee of the Department of Veterans Affairs.  (Compl. 2.)  She applied for a promotion and was told she was qualified for the position.  (Am. Compl. 3.)  Brundage was not selected for an interview, but other of Brundage's male co-workers were.  (Am. Compl. 3.)  Ultimately, one of Brundage's male co-workers received the promotion.  (Am. Compl. 3.)  Following his promotion, he treated Brundage abusively.  (Am. Compl. 3.)

Brundage filed an Equal Employment Opportunity ("EEO") complaint with the Veterans Administration.  On September 25, 2008, the Veterans Administration issued a Final Agency Decision ("FAD") finding that Brundage did not establish that she had been the target of gender discrimination.  EEOC Appeal at 1.  The Veterans Administration informed Brundage in its decision that she had the right to appeal its decision to the Equal Employment Opportunity Commission ("EEOC") within thirty days or the right to file a civil action with a United States district court within ninety days.  *Id*.  Brundage received this decision via certified mail on October 10, 2008.  *Id*.  On February 25, 2009, Brundage filed an appeal with the EEOC.  On May 9, 2009, the EEOC dismissed Brundage's appeal because she had not complied with the thirty day deadline to file an appeal.  *Id*.  Brundage argued to the EEOC that she filed her appeal late because she sent her documentation to the wrong court and because she suffered from medical difficulties, but the EEOC did not consider these excuses adequate.  *Id*.  Brundage

2

submitted her complaint to this Court's Pro Se Office on July 10, 2009, and the complaint was filed on July 24, 2010.

## STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(1), the Court must "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008). A complaint can survive a motion to dismiss under Rule 12(b)(6) only when the complaint sets out "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots, Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010). Finally, "when the plaintiff proceeds *pro se,* as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

## DISCUSSION

Brundage brings suit pursuant to two statutes, the NYHRL and Title VII, and against the director of the Veterans Administration in his official capacity and two other employees of the Veterans Administration. The Court shall address each of these claims in turn.

### I.     New York State Human Rights Law Claims

Brundage, as a federal employee, is not entitled to bring claims under the NYHRL. The Supreme Court has held that in extending Title VII to federal employees in 1972, Congress intended "to create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. General Serv. Admin.*, 425 U.S. 820, 829 (1976). As such, federal employees are not entitled to sue the federal government under the NYHRL for redress of gender discrimination. *Garvin v. Potter*, 367 F. Supp. 2d 548, 559

(S.D.N.Y. 2005).  The Court accordingly grants the defendants' motion to dismiss Brundage's claims brought pursuant to the NYHRL.

### II. Title VII Claims against Parauda and Mitchner

Brundage's claims against Parauda and Mitchner, supervisors at the Department of Veterans Affairs, must be dismissed because Parauda and Mitchner are not proper defendants in a Title VII action.  When federal employees file civil actions pursuant to Title VII, the law provides that "the head of the department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(c).  Brundage may not bring suit against Parauda and Mitchner because "individual defendants with supervisory control may not be held personally liable under Title VII."  *Nghiem v. United States Dep't of Veteran Affairs*, 451 F. Supp. 2d 599, 605 (S.D.N.Y. 2006);  *see also Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003).  The Court grants the defendants' motion to dismiss Brundage's Title VII claims against Parauda and Mitchner.

### III. Title VII Claims against Shinseki

Brundage did not comply with the filing deadlines provided by Title VII in prosecuting her claims.  Prior to filing with the district court, Title VII plaintiffs must "exhaust available administrative remedies in a timely fashion."  *Pauling v. Sec'y of the Dep't of the Interior*, 160 F.3d 133 (2d Cir. 1998) (quoting *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996)).  Agency regulations require federal employers to file appeals with the EEOC within thirty days of the receipt of a Final Agency Decision.  29 C.F.R. § 1614.402(a).  Brundage received a copy of the Final Agency Decision on October 10, 2008.  She did not file an appeal with the EEOC until February 25, 2009, four and a half months later and well beyond the thirty day window to file an appeal.  Although Brundage filed the instant case within ninety days of the EEOC's dismissal of

4

her appeal, Brundage's timely filing of this action does not cure her earlier untimeliness. *Jenkins v. Potter*, 271 F. Supp. 2d 557, 563 (S.D.N.Y. 2003). To hold otherwise would allow plaintiffs to revive lapsed Title VII claims at any time simply by preceding their action in federal district court with an untimely appeal to the EEOC.

Nonetheless, this Court still has subject matter jurisdiction over Brundage's complaint. As a general matter, federal courts may hear cases only when Congress gives them the power to hear those types of cases. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). If Congress has not given the courts the power to hear a particular type of case, courts must dismiss those cases for want of subject matter jurisdiction. *Id.* at 154. With regards to Title VII cases, the Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Francis v. City of New York*, 235 F.3d 763, 766-767 (2d Cir. 2000). Plaintiffs bringing Title VII suits against the government may benefit from equitable tolling to the same extent as plaintiffs bringing suits against private employers. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). In other words, courts will sometimes hear the cases of plaintiffs who have filed untimely appeals with the EEOC if those plaintiffs can legally cognizable reasons for doing so. Federal courts grant this kind of relief "only sparingly," *id.* at 96, but plaintiffs may be entitled to equitable tolling when, for example, a medical condition prevents them from diligently pursuing their case. *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002).

Brundage has not argued to this Court that she is entitled to equitable tolling relief, and on the face of her complaint, it appears that Brundage has not exhausted her administrative

remedies in a timely fashion. As such, this Court must dismiss Brundage's Title VII claims against Shinseki for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

## CONCLUSION

For the forgoing reasons, defendants' motion to dismiss [12] is granted. Dismissal of her Title VII claim against Shinseki is granted without prejudice with leave to amend her complaint in the event that she can allege facts that plausibly establish a right to equitable tolling. The plaintiff may consult with this court's Pro Se Office at (212) 805-0175 for further assistance in this matter. Any amended complaint must be filed by November 15, 2010.

SO ORDERED.

Dated: New York, New York
September 14, 2010

Richard J. Holwell
United States District Judge

6